89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Christopher WATTS, Defendant-Appellant
 No. 95-1052.
 United States Court of Appeals, Second Circuit.
 Nov. 4, 1995.
 
 1
 Appeal from the United States District Court for the Eastern District of New York (Weinstein, Judge).
 
 
 2
 APPEARING FOR APPELLANT: LAWRENCE H. SCHOENBACH, Law Office of Lawrence H. Schoenbach, New York, NY.
 
 
 3
 APPEARING FOR APPELLEE: LEONARD LATO, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY.
 
 
 4
 E.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 8
 Defendant Christopher Watts appeals from his sentence for bank robbery, in violation of 18 U.S.C. § 2113(a), by the United States District Court for the Eastern District of New York (Weinstein, J.), contending that (1) his allocution before the Magistrate Judge did not establish a factual basis for the acceptance of his guilty plea, and (2) the Government violated the terms of the plea agreement. We affirm.
 
 
 9
 Watts claims that his allocution failed to establish a factual basis for his guilty plea, because he did not express an intent to use force, violence, or intimidation. Under 18 U.S.C. § 2, one who aids or abets a crime may be punished as a principal. The elements of liability for aiding and abetting are:
 
 
 10
 (1) commission of the underlying crime, (2) by a person other than the defendant, (3) a voluntary act or omission by the person charged as an aider or abettor, with (4) specific intent that his act or omission bring about the underlying crime.... To prove the existence of (3) and (4), the evidence must demonstrate that the person charged joined the venture, shared in it, and that his efforts contributed towards its success.
 
 
 11
 United States v. Wiley, 846 F.2d 150, 154 (2d Cir.1988) (quoting United States v. Zambrano, 776 F.2d 1091, 1097 (2d Cir.1985)). At his allocution, Watts stated that a bank security guard was being held against his will by one of his co-defendants, and that force was used to restrain the guard, thus completing proof of the first and second of these elements. Watts also undisputedly allocuted that he provided his co-defendants with the key to the bank "as part of the bank scheme," thus establishing the third element. The remaining issue is whether Watts sufficiently allocuted that he undertook his action with the "specific intent" to bring about the crime of bank robbery, thus establishing the fourth element.
 
 
 12
 In Panuccio v. Kelly, 927 F.2d 106, 110-11 (2d Cir.1991), we held that a defendant's guilty plea was constitutionally valid, where the defendant: (1) clearly understood the nature of the crime to which he pleaded guilty, including the element of intent; (2) consistently evinced his intent to follow through with the plea; (3) at no time denied his guilty and claimed innocence; and (4) was represented by counsel who presumably explained the charges against him. These facts demonstrated that the plea "represent[ed] a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id.
 
 
 13
 Here, as in Panuccio, Watts was represented by counsel, and it became abundantly clear in the course of the proceedings that use of force, violence, or intimidation was an element of the crime of bank robbery to which he was pleading guilty. The first time the Magistrate Judge attempted to take the plea, the proceeding was adjourned precisely because Watts' allocution was insufficiently clear with respect to this element. When Watts returned during the afternoon of the same day, he reaffirmed his desire to waive his right to trial and proceed with a guilty plea. On that second occasion, Watts agreed with the prosecutor's statement that he "knew and understood that once he entered the bank ... the security [guard] was being held there against his will, by an [accomplice] in the robbery scheme." At no point did Watts deny his guilt and claim innocence. "There was, in short, nothing about the allocution that undermined the reliability of the plea as an indicator of factual guilt." Id. at 111. When Watts confirmed his decision to plead guilty, "the trial court could properly accept that statement as a reliable admission that he had acted with the requisite intent." Id.
 
 
 14
 Watts also claims that the Government violated the plea agreement when it urged the district court to deny his request for a downward adjustment for acceptance of responsibility. This denial arose out of the pre-sentence Fatico hearing, in which the district court found that Watts had committed perjury in several respects. Under § 3C1.1 of the Sentencing Guidelines, a defendant's offense level must be increased by two levels if there is obstruction of justice. Application Note 3(b) includes perjury as a form of obstruction of justice. U.S.S.G. § 3C1.1 Application Note 3(b). The district court had no discretion to refuse to apply the enhancement. United States v. Shonubi, 998 F.2d 84, 87-88 (2d Cir.1993). The district court found that a two-level enhancement for obstruction of justice was warranted. That finding ordinarily precludes the three-level reduction for acceptance of responsibility under the Guidelines, as the Government correctly advised the district court. See U.S.S.G. § 3E1.1 Application Note 4.
 
 
 15
 In the plea agreement, the Government had promised that, "based upon information now known to [it]," it would agree to a finding that defendant was entitled to a three-level adjustment for acceptance of responsibility. The same section provided that, "[i]f information becomes known ... which renders inappropriate [agreement to the downward adjustment], the defendant will not be entitled to withdraw his plea." As the Government maintains, it did not know that defendant would commit perjury, and that the consequent finding of obstruction would preclude a finding of acceptance of responsibility. This new information released the Government from its obligation to agree to the downward adjustment for acceptance of responsibility.
 
 
 16
 For the reasons set forth above, we affirm the judgment of the district court.